**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MESTEK MACHINERY, INC.,**<br>125 N. Elm Street<br>Westfield, Massachusetts 01085<br><br>Plaintiff<br><br>v.<br><br>**1987 MACHINERY LLC,**<br>4300 Shady Lane<br>Huntingtown, Maryland 20639<br><br>Defendant | Civil Case No.:<br><br>JURY DEMAND |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Mestek Machinery, Inc, ("Mestek"), for its Complaint against 1987 Machinery LLC ("1987 Machinery"), alleges as follows.

**INTRODUCTION**

1. This is an action for patent infringement arising under Title 35 of the United States Code. Mestek owns U.S. Patent No. 10,807,200 (the "'200 Patent") and U.S. Patent No. 12,491,577 (the "'577 Patent"), both directed to protection systems for laser cutting machines (collectively, the "Asserted Patents"). Mestek alleges that 1987 Machinery has directly infringed and continues to infringe the Asserted Patents, including through its manufacture and fabrication of the accused protective laser-head shroud, and through its manufacture, assembly, use, offer for sale, and sale of laser cutting machines incorporating the accused protective shroud and protective table-coating features.

**PARTIES AND JURISDICTION**

2. Mestek is a corporation organized and existing under the laws of Delaware. It has a principal place of business in Westfield, Hampden County, Massachusetts.

3. 1987 Machinery is a Maryland limited liability company with its principal place of business at 4300 Shady Lane, Huntingtown, Maryland, 20639.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) as this case arises under the patent laws of the United States.

5. The Court has personal jurisdiction over 1987 Machinery as it resides in this District and has engaged in systematic and continuous business activities in this District. 1987 Machinery has also committed acts of patent infringement giving rise to this action within this District.

6. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) as 1987 Machinery resides in this District and has committed acts of patent infringement that give rise to this action within this District.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. Mestek is a leading designer and manufacturer of metal forming and fabrication machinery, including cutting systems used to fabricate sheet metal ductwork and fittings for the heating, ventilation, and air conditioning (HVAC) industry. Mestek markets its machinery under brands including Lockformer, Iowa Precision, Engel, and Roto-Die, and has obtained numerous patents to protect its products.

8. Mestek, directly and/or through one or more related entities, markets and sells a laser cutting table under its Lockformer® brand, the Lockformer® Vulcan® Fiber Laser Elite Cutting System.

9. Mestek is the owner of the ‘200 Patent and the ‘577 Patent. Copies of the Asserted Patents are attached hereto as **Exhibits A and B**.

10. The Asserted Patents are generally directed to protection systems, e.g., a housing that surrounds only a laser torch head of a relatively large laser cutting machine used to cut, for example, metal sheeting. The protection systems are configured to protect the eyes and skin of an operator of the machine from high levels of energy emitted from the torch head laser. By surrounding only the laser torch head with a guard, the overall volume and cost of the laser cutting machine is reduced, and such machines are easier to use.

11. 1987 Machinery markets, offers for sale, sells, manufactures and/or assembles a laser cutting machine that it labels as the “Open Table Laser” (the “Open Table Laser” or the “Accused Product”). 1987 Machinery’s public product materials identify the Open Table Laser as available in multiple table sizes and depict a “patent-pending” protective laser head shroud, including configurations with a safety interlock and laser-rated viewing window, as taught and claimed in the Asserted Patents.

12. Upon information and belief, 1987 Machinery manufactures and/or fabricates the accused protective laser head shroud and installs the accused protective shroud into the Open Table Laser in the United States, including through its Maryland operations.

13. Upon information and belief, the Open Table Laser also includes a platen having a plurality of structural members defining a frame configured to receive a workpiece for a cutting operation, a laser torch head movable in relation to the platen to selectively cut the workpiece, and a protective material coating all exterior sides of at least one of the plurality of structural members of the frame, the protective material configured to absorb light and energy from the laser torch head during the cutting operation.

14. Through 1987 Machinery's manufacture, assembly, development, testing, use, offering for sale, sale, advertising and/or marketing of the Open Table Laser, it directly infringes, either literally and/or through the doctrine of equivalents, multiple claims of the Asserted Patents.

15. Counsel for Mestek advised 1987 Machinery's counsel, through a notice letter dated August 25, 2025, that the Open Table Laser infringes the '200 Patent, and further identified Mestek's then-pending application that subsequently issued as the '577 Patent. As a result, 1987 Machinery has had actual knowledge of the '200 Patent, and of the subject matter claimed in the application that issued as the '577 Patent, since at least August 25, 2025. Upon information and belief, 1987 Machinery has had knowledge of the '577 Patent since it issued on December 9, 2025, and in any event has had such knowledge no later than the filing and service of this Complaint.

16. 1987 Machinery continues to offer the Open Table Laser for sale through its website and other channels, thereby continuing to infringe the Asserted Patents.

17. In particular, 1987 Machinery continues to manufacture, use, offer to sell, sell, and/or import the Open Table Laser in a manner that knowingly and willfully infringes multiple claims of the '200 and '577 Patents.

**<u>Count I – Infringement of the '200 Patent</u>**

18. Mestek incorporates the preceding paragraphs as if set forth in full herein.

19. 1987 Machinery directly infringes the '200 Patent by practicing each and every element of multiple claims of the '200 Patent, including, but not limited to claim 1, either literally or through the doctrine of equivalents. An exemplary claim chart is attached as **Exhibit C**.

20. 1987 Machinery has no right or license to sell any product that infringes the '200 Patent, and Mestek has not consented to 1987 Machinery's manufacture, use, offer to sell, sale, or import of the Open Table Laser or any use thereof.

21. 1987 Machinery received actual notice of the ’200 Patent prior to the initiation of the present lawsuit and no later than August 25, 2025, but nevertheless willfully continues to make, use, offer to sell, sell, and/or import the Open Table Laser in the United States.

22. Mestek is and has been irreparably damaged by 1987 Machinery’s infringement, and unless 1987 Machinery’s infringing activities are enjoined by this Court, Mestek will continue to suffer monetary damage, market price erosion, loss of market share, lost sales, and irreparable harm to its reputation, relationships, and goodwill with its customers, vendors, distributors, industry professionals, and others.

**Count II – Infringement of the ‘577 Patent**

23. Mestek incorporates the preceding paragraphs as if set forth in full herein.

24. 1987 Machinery directly infringes the ‘577 Patent by practicing each and every element of multiple claims of the ‘577 Patent, including, but not limited to, claim 1, either literally or through the doctrine of equivalents. An exemplary claim chart is attached as **Exhibit D**.

25. 1987 Machinery has no right or license to sell any product that infringes the ‘577 Patent, and Mestek has not consented to 1987 Machinery’s manufacture, use, offer to sell, sale, or import of the Open Table Laser or any use thereof.

26. 1987 Machinery had actual knowledge of the subject matter claimed in the application that subsequently issued as the ’577 Patent prior to the initiation of the present lawsuit and no later than August 25, 2025, but nevertheless willfully continues to make, use, offer to sell, sell, and/or import the Open Table Laser in the United States.

27. Mestek is and has been irreparably damaged by 1987 Machinery’s infringement, and unless 1987 Machinery’s infringing activities are enjoined by this Court, Mestek will continue to suffer monetary damage, market price erosion, loss of market share, lost sales, and irreparable

harm to its reputation, relationships, and goodwill with its customers, vendors, distributors, industry professionals, and others.

WHEREFORE, Mestek prays that this Honorable Court grant the following relief:

A. A judgment that 1987 Machinery has infringed one or more claims of the Asserted Patents;

B. A judgment that 1987 Machinery's infringement has been willful;

C. A judgment permanently enjoining 1987 Machinery, its officers, directors, agents, servants, and employees, affiliates, subsidiaries, or others controlled by 1987 Machinery, and all persons in active concert or participation with 1987 Machinery, from infringing the Asserted Patents;

D. An award of damages adequate to compensate Mestek for the infringement that has occurred, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

E. An award of increased damages under 35 U.S.C. § 284 of up to three times the amount of damages assessed;

F. A finding in favor of Mestek that this is an exceptional case under 35 U.S.C. § 285, and an award to Mestek of its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and

G. Any and all such other and further relief as this Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mestek hereby demands a trial by jury on all issues so triable.

DATED: September 29, 2026

Respectfully submitted,

By: */s/*
Jean E. Lewis (Bar No. 27562)
Justin A. Redd (Bar No. 18614)
KRAMON & GRAHAM, P.A.
750 E. Pratt Street, Suite 1100
Baltimore, Maryland 21202
Telephone: (410) 752-6030
Facsimile: (410) 539-1269
jlewis@kg-law.com
jredd@kg-law.com

GROGAN, TUCCILLO & VANDERLEEDEN, LLP
Kevin H. Vanderleeden*
Jeffrey E. Schiller*
Hanni Guo*
GROGAN, TUCCILLO & VANDERLEEDEN, LLP
1350 Main Street, Suite 508
Springfield, MA 01103

**Pro Hac Vice application forthcoming*

*ATTORNEYS FOR PLAINTIFF*